## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

SAMUEL RAMIREZ
612 Harvard Street NW
Washington, DC 20001

JUAQUIN JUAREZ
3405 14th Street NW
Washington, DC 20010

       Plaintiffs,

v.

1725 F STREET CAFÉ, LLC
d/b/a Met Café
1725 F Street NW
Washington, DC 20006

SSBS NATIONAL PLACE CAFÉ, INC.
d/b/a Soho Café & Market
529 14th Street NW, Suite 244
Washington, DC 20045

1825 CONNECTICUT AVENUE DELI, INC.
d/b/a Soho Café & Market II
1825 Connecticut Avenue NW
Washington, DC 20009

JIN HO KIM
a/k/a Jinho Kim
a/k/a Jin H Kim
13906 Springhouse Court
Clifton, VA 20124

MYUNG SUK SO
a/k/a Myungzsuk So
a/k/a Myungzsuk Suk So
2821 Mustang Drive
Herndon, VA 20171

       Defendants.

**Case No. 1:14-cv-01086-RDM**

**PLAINTIFFS' FIRST AMENDED
COMPLAINT**

## PLAINTIFFS' FIRST AMENDED COMPLAINT

1.      Defendants own and operate restaurants in Washington, DC. Defendants employed

Plaintiffs to work in their kitchen. Defendants paid Plaintiffs flat salaries that resulted in a sub-

minimum wage and a denial of overtime compensation.

2.      Plaintiffs brings this action to recover damages for Defendants' willful failure to pay

minimum and overtime wages, in violation of: the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"),

D.C. Code § 32-1001 *et seq.*, and the District of Columbia Wage Payment and Collection Law

("DCWPCL"), D.C. Code § 32-1301 *et seq*.

## Jurisdiction and Venue

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28

U.S.C. § 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because one or more Defendants reside

in this district, and a substantial part of the acts or omissions giving rise to Plaintiffs' claims

occurred in this district.

## Parties

5.      Plaintiffs are adult residents of the District of Columbia.

6.      Defendant 1725 F Street Café, LLC is a District of Columbia limited liability company. It

does business as "Met Cafe." Its principal place of business is 1725 F Street NW, Washington,

DC 20006. Its resident agent is Sara So, 2775 Ordway St. NW, Apt. 411, Washington, DC 20008.

7.      Defendant SSBS National Place Café, Inc. is a District of Columbia corporation. It does business as Soho Café & Market. Its principal place of business is 529 14th Street NW, Suite 244, Washington, DC 20045. Its resident agent is Brendan Owen, 1001 Pennsylvania Avenue NW, Suite 210, Washington, DC 20004.

8.      Defendant 1825 Connecticut Avenue Deli, Inc. is a District of Columbia corporation. It does business as Soho Café & Market II. Its principal place of business is 1825 Connecticut Avenue NW, Washington, DC 20009. Its resident agent is Manuel Cruz, 1614 17th Street NW, Apt. 302, Washington, DC 20009.

9.      Defendant Jin Ho Kim is an adult resident of Virginia who resides at 13906 Springhouse Court, Clifton, VA 20124. Defendant Jin Ho Kim has an ownership interest in and operates 1825 Connecticut Avenue Deli, Inc.

10.      Defendant Myung Suk So is an adult resident of Virginia who resides at 2821 Mustang Drive, Herndon, VA 20171. Defendant Myung Suk So has an ownership interest in and operates 1725 F Street Café, LLC.

## Factual Allegations

11.      Defendants own and operate "Met Cafe," a restaurant located at 1725 F Street NW, Washington, DC 20006.

12.     Defendants own and operate "Soho Café & Market," a restaurant located at 529 14th Street NW, Suite 244, Washington, DC 20045.

13.     Defendants own and operate "Soho Café & Market II," a restaurant located at 1825 Connecticut Ave NW, Washington, DC 20009.

14.     Defendants operated a "Soho Café & Market" previously located at 1900 Pennsylvania Ave NW, Washington, DC 20431.

15.     Defendants operate as one integrated enterprise.

16.     Defendants share labor and resources between them.

17.     Defendants are all in the same line of business: quick service restaurants.

18.     Defendants use one common letterhead for correspondence, upon which Defendants list their different restaurant locations.

### Factual Allegations Concerning Defendant Samuel A. Ramirez

19.     Defendants employed Plaintiff Ramirez in Defendants' restaurants from approximately February 1, 2007 through approximately February 28, 2014.

20.     Defendants tasked Plaintiff Ramirez with food preparation, including preparing bagels, salads and sandwiches.

21.     From at least February 1, 2007 through approximately February 28, 2014, Plaintiff Ramirez' typical work schedule was as follows:

| Monday | 6:00 a.m. – 4:30 p.m. | Break: None | 10.5 Hours Scheduled |
| Tuesday | 6:00 a.m. – 4:30 p.m. | Break: None | 10.5 Hours Scheduled |
| Wednesday | 6:00 a.m. – 4:30 p.m. | Break: None | 10.5 Hours Scheduled |

| Thursday | 6:00 a.m. – 4:30 p.m. | Break: None | 10.5 Hours Scheduled |
|---|---|---|---|
| Friday | 6:00 a.m. – 4:30 p.m. | Break: None | 10.5 Hours Scheduled |
| Saturday | OFF | OFF | OFF |
| Sunday | OFF | OFF | OFF |
| | | | **52.5 Hours Scheduled (Total)** |

22.     Plaintiff Ramirez worked in excess of his weekly scheduled hours.

23.     Plaintiff Ramirez typically stopped working between 4:45 p.m. and 5:00 p.m.

24.     On occasion, Plaintiff Ramirez worked until 6:00 pm.

25.     During the course of his employment, Plaintiff Ramirez typically worked approximately 55 hours a week.

26.     During the course of his employment, Plaintiff Ramirez worked a total of approximately 6,405 hours of overtime.

27.     From approximately February 1, 2007 until approximately February 28, 2010, Defendants employed Plaintiff Ramirez at "Soho Café," 1900 Pennsylvania Ave NW, Washington, DC 20431.

28.     From approximately March 1, 2010 through approximately January 31, 2011, Defendants employed Plaintiff Ramirez at "Soho Café," 529 14th Street NW, Suite 244, Washington, DC 20045.

5

29.     From approximately February 1, 2011 through approximately February 28, 2014, Defendants employed Plaintiff Ramirez at "Met Café," 1725 F Street NW, Washington, DC 20006.

30.     During the course of Plaintiff Ramirez' employment, Defendants transferred him from one restaurant to another.

31.     Defendants paid Plaintiff Ramirez with cash from approximately February 1, 2007 through approximately December 31, 2011.

32.     Defendants paid Plaintiff Ramirez with checks from January 1, 2012 through February 28, 2014.

33.     From approximately February 1, 2007 through February 28, 2010, Defendants paid Plaintiff Ramirez approximately $260.00 per week – approximately $4.73 per hour.

34.     From approximately March 1, 2010 through December 31, 2011, Defendants paid Plaintiff Ramirez approximately $280.00 per week. – approximately $5.09 per hour.

35.     From approximately January 1, 2012 through approximately February 28, 2014, Defendants paid Plaintiff Ramirez $328.00 per week – approximately $5.96 per hour.

36.     Plaintiff Ramirez never received overtime compensation for any of his overtime hours.

37.     Defendants owe Plaintiff Ramirez approximately $72,637.38 in minimum and overtime wages.

**Factual Allegations Concerning Defendant Juaquin Juarez**

38.     Defendants employed Plaintiff Juarez in Defendants' restaurants from approximately

December 1, 2008 through approximately November 30, 2014.

39.     Defendants tasked Plaintiff Juarez with food prep, including preparing bagels, salads and

sandwiches.

40.     From at least December 1, 2008 through approximately November 30, 2014, Plaintiff

Juarez typical work schedule was as follows:

| Monday | 6:00 a.m. – 4:30 p.m. | Break: None | 10.5 Hours Scheduled |
|---|---|---|---|
| Tuesday | 6:00 a.m. – 4:30 p.m. | Break: None | 10.5 Hours Scheduled |
| Wednesday | 6:00 a.m. – 4:30 p.m. | Break: None | 10.5 Hours Scheduled |
| Thursday | 6:00 a.m. – 4:30 p.m. | Break: None | 10.5 Hours Scheduled |
| Friday | 6:00 a.m. – 4:30 p.m. | Break: None | 10.5 Hours Scheduled |
| Saturday | OFF | OFF | OFF |
| Sunday | OFF | OFF | OFF |
| | | | **52.5 Hours Scheduled (Total)** |

41.     Plaintiff Juarez worked in excess of his weekly scheduled hours.

42.     Plaintiff Juarez typically stopped working between 4:45 p.m. and 5:00 p.m.

43.     On occasion, Plaintiff Juarez worked until 6:00 pm.

44.     During the course of his employment, Plaintiff Juarez typically worked approximately 55

hours a week.

45.     During the course of his employment, Plaintiff Juarez worked a total of approximately 4,695 hours of overtime.

46.     From approximately December 1, 2008 through approximately December 31, 2013 Defendants employed Plaintiff Juarez at "Soho Café," 529 14th Street NW, Suite 244, Washington, DC 20045.

47.     From approximately January 1, 2014 through approximately November 30, 2014, Defendants employed Plaintiff Juarez at "Soho Café II," 1825 Connecticut Avenue NW, Washington, DC 20045.

48.     Defendants transferred Plaintiff Juarez from Soho Café to Soho Café II.

49.     During the course of his employment, Defendants paid Plaintiff Juarez with cash.

50.     From approximately December 1, 2008 through December 31, 2010, Defendants paid Plaintiff Juarez approximately $260.00 per week – approximately $4.73 per hour.

51.     From approximately January 1, 2011 through December 31, 2013, Defendants paid Plaintiff Juarez approximately $270.00 per week – approximately $4.91 per hour.

52.     From approximately January 1, 2014 through approximately November 30, 2014, Defendants paid Plaintiff Juarez $390.00 per week – approximately $7.09 per hour.

53.     Plaintiff Juarez never received overtime compensation for any of his overtime hours.

54.     Defendants owe Plaintiff Juarez approximately $72,421.88 in minimum and overtime wages.

55.     The federal minimum wage was $5.15 per hour from July 1, 1999 through July 23, 2007,

$5.85 per hour from July 24, 2007 through July 23, 2008, $6.55 per hour from July 24, 2008

through July 23, 2009 and $7.25 per hour from July 24, 2009 through the present.

56.     The District of Columbia's minimum wage was $7.00 per hour from January 1, 2006

through July 23, 2008, $7.55 per hour from July 24, 2008 through July 23, 2009, $8.25 per hour

from July 24, 2009 through June 30, 2014, $9.50 per hour from July 1, 2014 through June 30,

2015, and $10.50 per hour from July 1, 2015 through the present.

57.     At all relevant times, federal and District of Columbia law required Defendants to pay

Plaintiffs one and one half times the minimum wage for all hours worked over 40 in any one

workweek.

58.     At all relevant times, the annual gross volume of Defendants' business exceeded

$500,000.00.

59.     At all relevant times, Defendants erroneously classified Plaintiffs as employees exempt

from minimum wages and overtime.

60.     At all relevant times, Defendants had two or more employees who regularly handled

materials that had been moved in or produced for interstate commerce.

61.     At all relevant times, Defendants had the power to fire Plaintiffs.

62.     At all relevant times, Defendants had the power to control Plaintiffs' work schedules.

63.     At all relevant times, Defendants had the power to set Plaintiffs' rate of pay.

64.     At all relevant times, Defendants had knowledge of the salary earned by Plaintiffs.

65.     At all relevant times, Defendants had knowledge of the schedule and hours worked by Plaintiffs.

66.     At all relevant times, Defendants did not maintain true and accurate records of each hour, day, and week worked by Plaintiffs, or of how much Plaintiffs were paid for their work, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact amount of hours worked by and wages owed to Plaintiffs will only be known through discovery.

67.     Defendants received copies or summaries of the District of Columbia Minimum Wage Act from the District of Columbia government, as required by D.C. Code § 32-1009.

68.     At all relevant times, Defendants knew they were legally required to pay Plaintiffs the District of Columbia and federal minimum wage.

69.     At all relevant times, Defendants knew they were not paying Plaintiffs the federal and District of Columbia minimum wages.

70.     Defendants intentionally paid Plaintiffs in cash or with checks lacking paystubs itemizing the actual number of hours worked and the amounts paid per hour. D.C. Code § 32-1008(b).

71.     At all relevant times, Defendants intentionally withheld the number of hours worked and the amounts paid per hour from Plaintiffs' paystubs so as to conceal Plaintiffs' actual number of hours worked and their hourly rate.

72.     At all relevant times, Defendants failed to provide Plaintiffs with notice of employer's name, physical address of the employer's main address, telephone number of the employer, the

employee's rate of pay and the employer's regular payday as specified in D.C. Code § 32-1008 (c).

73.     Defendants intentionally did not post the notice of District of Columbia wage law required by D.C. Code § 32-1009(a).

74.     Defendants did not provide Plaintiffs with actual or constructive notice of their employee rights, within the meaning of D.C. Code § 32-1308(c)(2)(b).

75.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times their regular rate for all hours worked in excess of 40 hours in any one workweek.

76.     At all relevant times, Defendants knew that they were not paying Plaintiffs one and one-half times their regular rate for all hours worked in excess of 40 hours in any one workweek.

77.     At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiffs all wages that Plaintiffs were legally due.

## COUNT I
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

78.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

79.     Defendants were "employers" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. §203(d).

80.     The FLSA requires that employers pay non-exempt employees a minimum wage equal to an amount set by Congress. 29 U.S.C. § 206(a)(1).

11

81.     The FLSA permits states to set a minimum wage higher than that provided for by the
FLSA. 29 U.S.C. § 218.

82.     The FLSA requires employers to pay non-exempt employees one and one-half times their
regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. §
207(a)(1).

83.     Defendants violated the FLSA by knowingly failing to pay the required minimum wage
to Plaintiffs.

84.     Defendants violated the FLSA by knowingly failing to pay Plaintiffs at least one and one-
half times the required minimum wage for hours worked in excess of 40 hours in any one
workweek.

85.     Defendants' violations of the FLSA were willful.

86.     For their violations of the FLSA, Defendants are liable to Plaintiffs for unpaid minimum
wage and overtime compensation, an equal amount as liquidated damages, court costs,
reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the
Court.

## <u>COUNT II</u>
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

87.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

88.     Defendants were "employers" within the meaning of the DCMWA, D.C. Code § 32-
1002(3).

89.     The DCMWA required that employers pay non-exempt employees at $6.60 per hour from January 1, 2005 through December 31, 2005, $7.00 per hour from January 1, 2006 through July 23, 2008, $7.55 per hour from July 24, 2008 through July 23, 2009, $8.25 per hour from July 24, 2009 through June 30, 2014, $9.50 per hour from July 1, 2014 through June 30, 2015, and $10.50 per hour from July 1, 2015 through the present. D.C. Code § 32-1003(a).

90.     The DCMWA also requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. D.C. Code § 32-1003(c).

91.     Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiffs.

92.     Defendants violated the DCMWA by knowingly failing to pay Plaintiffs one and one-half times the required minimum wage for hours worked in excess of 40 hours in any one workweek.

93.     Defendants' violations of the DCMWA were willful.

94.     The statute of limitations within the DCMWA does not apply pursuant to D.C. Code § 32-1008(d)(3) and D.C. Code § 32-1009(a).

95.     For their violations of the DCMWA, Defendants are liable to Plaintiffs for unpaid minimum wage and overtime compensation, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III

## FAILURE TO PAY WAGES UNDER THE DCWPCL

96.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

97.     Defendants were "employers" within the meaning of the DCWPCL, D.C. Code § 32-1301(1).

98.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

99.     For purposes of the DCWPCL, "wages" include, among other things, both minimum and overtime wages. D.C Code § 32-1301(3).

100.    Defendants violated the DCWPCL by knowingly failing to pay Plaintiffs all wages earned, including minimum and overtime wages.

101.    Defendants' violations of the DCWPCL were willful.

102.    Defendants' violations of the DCWPCL were "continuous" within the meaning of the DCWPCL, D.C. Code § 32-1308(c)(1).

103.    The statute of limitations within the DCWPCL does not apply pursuant to D.C. Code § 32-1308(c).

104.    For their violations of the DCWPCL, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against all Defendants, jointly and severally, on all counts, and grant the following relief:

a.      Award Plaintiffs **$580,237.00**, consisting of the following overlapping elements:

     i.      unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

     ii.     unpaid District of Columbia minimum and overtime wages, plus three times the amount of unpaid minimum and overtime wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

     iii.    unpaid wages earned, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303 and 32-1308;

b.      Award Plaintiffs pre-judgment and post-judgment interest as permitted by law.

c.      Award Plaintiffs reasonable attorneys' fees and expenses incurred in the prosecution of this action;

d.      Award Plaintiffs court costs; and

e.      Award any additional relief the Court deems just.

Date: November 23, 2015                    Respectfully submitted,

                                           /s/ Justin Zelikovitz, Esq.
                                           Justin Zelikovitz, #986001
                                           LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
                                           519 H Street NW
                                           Washington, DC 20001
                                           Phone: (202) 803-6083
                                           Fax: (202) 683-6102
                                           justin@dcwagelaw.com

                                           *Counsel for Plaintiffs*