IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL A. RAMIREZ, et al.<br><br>    Plaintiffs,<br><br>v.<br><br>1725 F STREET CAFÉ, LLC, et al.<br><br>    Defendants. | Case No. 1:14-cv-01086-RDM |

**CONSENT MOTION FOR APPROVAL OF SETTLEMENT**

The Plaintiffs move the Court to approve the settlement the parties have reached in this matter *in camera*, and state the following in support:

1.   Although "no binding caselaw in this Circuit requires a district court to assess proposed FLSA settlements," the Court, upon the mutual submission of a proposed settlement for judicial approval, may review the settlement's FLSA-related terms and approve the settlement. *Carillo v. Dandan Inc.*, No 13-671, 2014 WL 2890309, at *5 (D.D.C. 2014).

2.   This case was filed by Plaintiff Samuel A. Ramirez's original counsel on June 29, 2014, seeking damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code § 32-1001 *et seq.*

3.   Because of problems encountered in serving the case, Plaintiff retained new counsel, who promptly served the Defendants, and amended the Complaint to include a new plaintiff and new defendants — as well as a new count under the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

4.	After conducting informal discovery, and engaging in protracted settlement negotiations, the parties have reached a comprehensive settlement of this matter.

5.	This settlement is the result of a compromise on a number of issues. Specifically: a) whether Plaintiffs may recover wages performed for work before the 2–3 year lookback period under the FLSA, b) whether the records demonstrate entitlement to any minimum or overtime wages, c) whether the defendant entities may be considered "employers" under the relevant statutes, and d) whether Defendants have the financial resources to pay any eventual judgment.

6.	This settlement was negotiated at arm's length, and an appropriate amount of attorney's fees was negotiated as a separate matter. In this regard, the parties note that Plaintiff Samuel A. Ramirez's prior counsel has a claim for attorney's fees that needed to be satisfied in order for the settlement to work. Plaintiffs' current counsel has agreed to accept approximately 55% of the fees that he has incurred in this matter so that this settlement may move forward.

7.	Courts have found that a FLSA settlement should be approved if it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). Courts have weighed the following factors when considering approval of a FLSA settlement:

	a.	the extent of the discovery that has taken place;
	b.	the stage of the proceedings, including the complexity, expense and likely duration of the litigation;
	c.	the absence of fraud or collusion in the settlement;
	d.	the experience of counsel who have represented the plaintiff;
	e.	the probability of plaintiff's success on the merits; and
	f.	the amount of settlement in relation to the potential recovery.

8.	All of these factors weigh in favor of settlement. Frankly, there are no documents that Plaintiffs might use to assist them in their claims. This case has been pending for some time, and if the parties proceed, the case will turn on testimonial evidence of events that happened some

time ago. This will be an expensive and difficult case for the Plaintiffs to prosecute, and it may be another year or so before the case could reach a final resolution.

Moreover, this settlement has been negotiated at arms' length. Plaintiffs agreed to the settlement terms after consulting with undersigned counsel, who has been involved in over a hundred wage & hour cases. While it is true that Plaintiffs might have recovered more at trial, it would have been no easy feat. As noted above, there are evidentiary and legal issues that might have resulted in a defense verdict. And even had Plaintiffs prevailed they might not have been able to collect on a judgment.

In short: this settlement reflects a reasonable compromise that the parties feel is in their best interests. Plaintiffs in particular are eager that they should finally be paid the wages they allege to be owed.

WHEREFORE, the parties respectfully request that the Court review the parties' settlement agreement *in camera* and approve the Settlement Agreement negotiated between the parties.

Date: February 15, 2016 　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/ Justin Zelikovitz, Esq.
　　　　　　　　　　　　　　　　　　　　　Justin Zelikovitz, #986001
　　　　　　　　　　　　　　　　　　　　　LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
　　　　　　　　　　　　　　　　　　　　　519 H Street NW
　　　　　　　　　　　　　　　　　　　　　Washington, DC 20001
　　　　　　　　　　　　　　　　　　　　　Phone: (202) 803-6083
　　　　　　　　　　　　　　　　　　　　　Fax: (202) 683-6102
　　　　　　　　　　　　　　　　　　　　　justin@dcwagelaw.com

　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs*