UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL A. RAMIREZ; JUAQUIN JUAREZ,<br><br>*Plaintiffs*,<br><br>v.<br><br>1725 F STREET CAFÉ, LLC, *d/b/a Met Café*, *et al.*,<br><br>*Defendants*. | Civil Action No. 14-1086 (RDM) |

## ORDER

This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the District of Columbia Minimum Wage Act Revision Act, D.C. Code § 32-1001 *et seq.*, for alleged failures to pay overtime and minimum wage. The matter is before the Court on the parties' consent motion to approve their settlement of the case. *See* Dkt. 35.[1] For the reasons that follow, the Court will **GRANT** the motion.

In general, a settlement between private parties does not require court approval. *See* Fed. R. Civ. P. 41. But because the Supreme Court has held that employees subject to FLSA cannot waive their rights in the absence of a "bona fide dispute between the two parties, in consideration of a bona fide compromise and settlement," *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 714 (1945), many courts have held that FLSA settlements cannot be enforced absent the finding of a

---

[1] The parties originally moved the Court to approve the settlement *in camera*. Dkt. 35 at 1. The parties have now withdrawn that request and have filed the settlement on the public record. *See* Dkt. 36. Accordingly, the Court need not address whether (as some judges have concluded) such procedures are inconsistent with FLSA. *See, e.g.*, *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 340 (S.D.N.Y. 2012); *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263–64 (M.D. Ala. 2003).

court that the settlement represents a compromise over a bona fide dispute about the application of FLSA. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see also Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 127–31 (D.D.C. 2014) (reviewing the law on this question). The D.C. Circuit has not determined whether judicial approval is required of FLSA settlements, but several judges within this district have reviewed proposed settlements in order to eliminate any uncertainty over their enforceability. *See Carrillo*, 51 F. Supp. at 130–31; *Beard v. District of Columbia Hous. Auth.*, 584 F. Supp. 2d 134, 143 (D.D.C. 2008). The Court will adopt the same approach.

As Judge Howell observed in her thorough and persuasive opinion in *Carrillo*, it is not entirely clear which factors are relevant in reviewing a proposed FLSA settlement. *Carrillo*, 51 F. Supp. 3d at 132. For the reasons set out in *Carrillo*, the Court will review the settlement in this case using a "totality of the circumstances" approach, looking first to whether the proposed settlement "represents a resolution of a bona fide dispute" and then to whether the settlement is "fair and reasonable." *Id.* at 133.

It is clear that the proposed settlement represents the resolution of a bona fide dispute. The parties have stated that the settlement "is the result of a compromise on a number of issues," specifically

> a) whether Plaintiffs may recover wages performed for work before the 2–3 year lookback period under the FLSA, b) whether the records demonstrate entitlement to any minimum or overtime wages, c) whether the defendant entities may be considered employers" under the relevant statutes, and d) whether Defendants have the financial resources to pay any eventual judgment.

Dkt. 35 at 2. "These disputes show that bona fide issues persist as to the amount of wages, if any, still owed to the plaintiffs, and that the proposed settlement reflects a reasonable compromise

over issues that are actually in dispute rather than a waiver of statutory rights . . . ." *Carrillo*, 51 F. Supp. 3d at 133 (internal quotation marks and citation omitted).

The Court also concludes that the proposed settlement is fair and reasonable. The proposed settlement contemplates payment of $10,000 in back wages and liquidated damages to each plaintiff, as well as $16,500 in attorney's fees. Dkt. 36-1 at 2. Although this sum is far less than the amount plaintiffs sought in their complaint, *see* Dkt. 27 at 15 (seeking unpaid wages and damages of $580,237.00), "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liability Litig.*, 55 F.3d 768, 806 (3d Cir. 1995). The parties, moreover, represent that there are both "evidentiary and legal issues that might have resulted in a defense verdict," including a lack of documentation, doubts over the plaintiffs' ability to collect on a judgment, and the legal issues described above. Dkt. 35 at 2–3. And although "[t]he Court is reluctant to approve a settlement where the plaintiffs' attorneys receive more in compensation than the plaintiffs themselves," *see Carrillo*, 51 F. Supp. 3d at 134, plaintiffs' counsel represents that there was a need to compensate prior counsel and that he has reduced his fees by 45% in order to obtain a favorable settlement, Dkt. 35 at 2. In light of these representations, the Court concludes that, as in *Carrillo*, its reluctance "is not sufficient to overcome the presumption in favor of allowing parties to settle their own disputes." 51 F. Supp. 3d at 134.

For these reasons, the Court concludes that the provisions of the settlement providing for the release of the plaintiffs' FLSA claims in exchange for monetary relief are fair and reasonable. As in *Carrillo*, however, the Court expresses no opinion as to the enforceability of every term of the settlement agreement. *See id.* In particular, the Court notes that the settlement includes both confidentiality and non-disparagement provisions, *see* Dkt. 36-1 at 7–9, that "may or may not be

enforceable in the future." *Carrillo*, 51 F. Supp. 3d at 134; *see also Wolinsky*, 900 F. Supp. 2d at 338–40 (questioning whether confidentiality provisions in FLSA settlements are enforceable). In view of that limitation, however, the Court finds that the proposed settlement "does not represent a waiver of rights that would run afoul" of the Supreme Court's interpretation of FLSA. *Carrillo*, 51 F. Supp. 3d at 135. The Court, accordingly, **GRANTS** the parties' motion for approval of the proposed settlement. The status conference scheduled for February 22, 2016, is hereby cancelled and this case is **DISMISSED** with prejudice.

    **SO ORDERED.**

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: February 18, 2016